# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNNECTICUT

|  |  |
|---|---|
| NEAL BISSONNETTE and TYLER WOJNAROWSKI on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | CIVIL ACTION NO: _____ |
| Plaintiffs, ) ) |  |
| v. ) ) | JUNE 20, 2019 |
| LEPAGE BAKERIES PARK ST., LLC, C.K. SALES CO., LLC, and FLOWERS FOODS, INC. ) ) ) ) | |
| Defendants. ) ) |  |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.  This is an action brought on behalf of individuals who work or have previously worked as distributors for Defendants LePage Bakeries Park St., LLC ("LePage Bakeries"), CK Sales Co., LLC ("CK Sales"), and Flowers Foods, Inc. ("Flowers") (together, "Defendants") in Connecticut during the relevant statutory period. Plaintiffs and other distributors perform delivery of breads and baked good products on behalf of Defendants in Connecticut. Plaintiffs seek to challenge Defendants' unlawful misclassification of distributors as independent contractors instead of employees. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated in the State of Connecticut under Fed. R. Civ. P. 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

1

**PARTIES**

2. Plaintiff Neil Bissonette is an adult resident of Bristol, Connecticut. Since approximately October 2015, Bissonette has delivered baked goods on behalf of Defendants in Connecticut. During the relevant time, he was Defendants' employee as that term is defined Conn. Gen. Stat. § 31-71a.

3. Plaintiff Tyler Wojnarowski is an adult resident of Southington, Connecticut and a citizen of Connecticut. Since approximately October 2016, Wojnarowski has delivered baked goods on behalf of Defendants in Connecticut. During the relevant time, he was Defendants' employee as that term is defined Conn. Gen. Stat. § 31-71a.

4. The above-named Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals as a "opt out" class action under Fed. R. Civ. P. 23 and as an "opt-in" collective action under the FLSA.

5. Defendant LePage Bakeries Park St., LLC, is a Limited Liability Company formed under the laws of the State of Maine. It conducts business through distribution facilities in Connecticut, among other states.

6. Defendant CK Sales, Inc. is a Limited Liability Company formed in Delaware. CK Sales conducts business through distribution facilities in Connecticut, among other states.

7. Defendant Flowers Foods, Inc. is incorporated under the laws of the State of Georgia. Flowers conducts business through distribution facilities in Connecticut, among other states.

8. Defendants are engaged in interstate commerce and employ individuals engaged in interstate commerce and are therefore covered by the FLSA, and they are "employers" as that term is defined for purposes of the Connecticut wage laws.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

10. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because Defendants conduct business in Connecticut and are subject to personal jurisdiction in this District.

## FACTS

12. Defendants' business consists of manufacturing, delivering, and selling baked goods under brand names such as Country Kitchen and Wonder Bread.

13. On its website, Flowers describes explains that it "is one of the largest producers of packaged bakery foods in the United States. The company operates 47 highly efficient bakeries that produce a wide range of bakery foods for retail and food service customers in the U.S."

14. Defendants utilize a large workforce of delivery drivers in Connecticut to deliver baked goods and stock the shelves at retail locations in the state.

15. Prior to October 2015, Plaintiff Bissonette performed delivery work as an employee of Defendants.

16. In approximately October 2015, Plaintiff Bissonnette paid a substantial fee to Defendants to purchase purported "Distribution Rights," entered into a "Distributor Agreement"

with Defendants. Since that time, Plaintiff Bissonnette has been misclassified as an independent contractor, performing delivery work for Defendants.

17. In approximately October 2016, Plaintiff Wojnarowski also paid a substantial fee to Defendants to purchase purported "Distribution Rights," entered into a similar "Distributor Agreement" with Defendants. Since that time, Plaintiff Wojnarowski has been misclassified as an independent contractor, performing delivery work for Defendants.

18. As distributors, Plaintiffs deliver baked good products to retailers and other customers in Connecticut, thereby providing an integral service to the baked goods business of Defendants. Plaintiffs and other distributors pick-up products at a warehouse that have been delivered from one of Defendants' commercial bakery locations, and then transport those goods within the flow of interstate commerce by delivering them to various stores and retail locations.

19. Defendants have required Plaintiffs and other Distributors to enter into a form contract, typically called a "Distributor Agreement" in order to perform their work. The Distributor Agreements are adhesion contracts drafted exclusively by Defendants. The terms and conditions of each Distributor's Distributor Agreement are the same in material respects.

20. For example, Defendants require all Distributors to form a corporation in order to begin work.

21. The Distributor Agreements purport to classify the Distributors as "independent contractors."

22. Defendants have the right to control, and in fact exercise substantial control over the work performed by the Distributors.

23. Defendants employ managers who have supervisory and disciplinary authority over the Distributors.

24. Defendants require Distributors to comply with their policies and procedures, including the time, place, and manner of pick-ups and deliveries. For example, Defendants often require Distributors to bring a particular amount of product to a store location, even when the Distributor has determined that a lesser amount should be delivered.

25. Defendants require Distributors to display product according to its requirements, and Defendants' employees visit stores to review Distributors' compliance with these policies.

26. Defendants require Distributors to return to the warehouse each day after completing their deliveries so that they may "upload" data to Defendants' system, and sort stale bread for Defendants, which Defendants then resell.

27. Defendants enforce these various requirements by giving Distributors "breach letters" if they do not meet Defendants' standards. In these letters, Defendants threaten that if the distributor's performance is not improved, they can be terminated.

28. Defendants also require Distributors to obtain its approval before selling their routes or substituting another driver for their route.

29. The Distributors and Defendants are engaged in the same usual course of business: the sale and distribution of baked goods.

30. Plaintiffs and other Distributors perform their work at Defendants' usual place of business. Specifically, Plaintiffs pick up and drop off product at Defendants' warehouse in Waterbury, Connecticut approximately five days per week and perform their deliveries within a territory designated by Defendants and at retail locations that Defendants frequently visit to review their job performance.

31. Plaintiffs and Distributors are not customarily engaged in an independently established trade, occupation, profession, or business of the same nature as the services they provide to Defendants. Based on all the hours that Defendants require Plaintiffs to spend making deliveries and servicing their route(s), there is little or no time left for Plaintiffs to make deliveries for any other company besides Defendants.

32. Since they started work for Defendants, neither Plaintiff Wojnarowski nor Plaintiff Bissonette have performed delivery work for any other company or entity other than Defendants. As a result, the Plaintiffs and Distributors are economically dependent on Defendants.

33. On a typical week, Distributors such as the named Plaintiffs work at least forty hours per week delivering the baked goods for Defendants. This work mainly consists of driving vehicles to stores within a territory designated by Defendants, delivering Defendants' products to these stores, and arranging the products on the shelves according to Defendants' standards.

34. The duties of Plaintiffs and other Distributors entail, at least in part, driving vehicles weighing less than 10,000 pounds because, for example, Plaintiffs and others often visit stores in their personal vehicles to drop off small orders of products and to arrange displays.

35. Defendants do not pay any overtime premium to Plaintiffs and class members for hours worked over forty per week.

36. Defendants deduct various amounts from the pay of Plaintiffs and other distributors. For example, Defendants deduct hundreds of dollars from Plaintiffs' and class members' wages on a weekly basis for truck lease payments, insurance premiums related to their delivery work, payments for "distribution rights," and administrative fees and warehouse fees.

37.     Defendants' misclassification of its delivery drivers and various violations described above are knowing, willful, and undertaken in bad faith.  Defendants required employee distributors like Plaintiffs to enter into Distributor Agreements under which they are designated as independent contractors, even though Defendants maintain substantial control over the Distributors' work and the Distributors perform the core function of Defendants' baked goods delivery business, making distributors employees under nearly any applicable test, particularly Connecticut's strict "ABC" employment test set forth in .  Defendants' knowingly and intentionally engaged in this misclassification so that they could unlawfully shift business expenses to their employees, deny Plaintiffs and Distributors overtime wages, withhold portions of their wages, and require them to pay for their jobs in violation of Connecticut law and the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiffs bring this class action lawsuit under Federal Rule Civil Procedure 23 on behalf of all individuals who have signed a distributor agreement and who personally deliver products for Defendants in the State of Connecticut.

39.     The members of the class are so numerous that joinder of all of them is impracticable, and treatment of a class action is the superior method to adjudicate the class members' claims.

40.     There are issues of law and fact common to all class members because Defendants have misclassified them as independent contractors rather than as employees and have unlawfully deprived them of the wage treatment and benefits accorded employees. These questions of law and fact predominate over any questions affecting only individual class members.

41. The named plaintiffs and class counsel will fairly and adequately represent the interests of the class.

42. Plaintiffs also assert claims under the FLSA on behalf of all similarly situated drivers in Connecticut.

43. Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and other putative collective members worked pursuant to the common policy described above under which Defendants did not provide any overtime premium when Distributors worked more than forty hours per week, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## COUNT I

### UNPAID OR WITHHELD WAGES IN VIOLATION OF CONN. GEN. STAT. § 31-72

44. Defendants have misclassified the Plaintiffs and other similarly situated delivery drivers as independent contractors when they are actually employees under the Connecticut wage laws.

45. As a result of this misclassification, Defendants did not pay Plaintiffs and other similarly situated delivery drivers all the wages owed them under Conn. Gen. Stat. § 31-71a.

46. Defendants unlawfully deducted hundreds of dollars from Plaintiffs and class members' wages on a weekly basis for purported fees, insurance charges, territory payments, and truck lease payments.

47. Defendants' practice of making various unlawful and unauthorized deductions from the Plaintiffs' and class members' compensation violates Conn. Gen. Stat. § 31-71e.

48.     Plaintiffs and Class Members seek compensation resulting from Defendants' violation of Conn. Gen. Stat. § 31-71e pursuant to Conn. Gen. Stat. § 31-72.

## COUNT II

## FAIR LABOR STANDARDS ACT–FAILURE TO PAY OVERTIME WAGES

49.     Plaintiffs and the members of the proposed FLSA collective routinely worked in excess of forty (40) hours per workweek for Defendants.

50.     Defendants failed to pay Plaintiffs and the members of the putative FLSA collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

51.     Plaintiffs and the members of the Plaintiffs class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52.     The failure of Defendants to compensate Plaintiffs and the members of the Plaintiffs class for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

53.     Plaintiffs and the members of the Plaintiffs class are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54.     Plaintiffs and those similarly situated are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

## UNJUST ENRICHMENT

55. By misclassifying Plaintiffs and class members as independent contractors when they are employees under Connecticut law and requiring them to pay to acquire Distribution Rights and to bear the employer's operating expenses in order to work, including payments for Worker's Compensation and other insurances required to be furnished by employers, Defendants were unjustly enriched, to the detriment of Plaintiffs and class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this honorable Court to enter the following relief:

a. An Order granting certification of this case as an FLSA collective action and permitting notice to be sent to potential Opt-in Plaintiffs;

b. An order certifying a class of similarly situated individuals pursuant to Fed. R. Civ. P. 23;

c. An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from Defendants' misclassification, as described in this Complaint;

d. Restitution of the payments made by Plaintiffs in order to purchase their routes, and all other business expenses born by Plaintiffs on behalf of Defendants, in an amount sufficient to make Plaintiffs whole;

e. Statutory penalty and liquidated damages, pursuant to Connecticut law and the FLSA;

f. An order enjoining Defendants' from continuing their illegal practices and ordering them to reclassify Plaintiffs and the members of the class as employees;

g. Attorneys' fees, costs, and prejudgment interest; and

h. Such other legal and equitable relief as the Court deems just and proper.

        NEAL BISSONNETTE
        and TYLER WOJNAROWSKI,
        on behalf of themselves and all
        others similarly situated,

        By their Attorneys,


        */s/ Zachary L. Rubin* _____

        Harold L. Lichten, *pro hac vice anticipated*
        Matthew W. Thomson, *pro hac vice anticipated*
        Zachary L. Rubin, (ct30192)
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston St., Suite 2000
        Boston, MA  02116
        (617) 994-5800
        hlichten@llrlaw.com
        mthomson@llrlaw.com
        zrubin@llrlaw.com


DATED:  June 20, 2019