IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEAL BISSONNETTE                                    )
and TYLER WOJNAROWSKI                               )
on behalf of themselves and all                    )
others similarly situated,                         )
                                                   )    Civil Action No. 3:19-cv-00965-
                                                   )    KAD
                        Plaintiffs,                )
            v.                                     )
                                                   )
LEPAGE BAKERIES PARK ST., LLC,                     )
C.K. SALES CO., LLC, and FLOWERS                   )    September 3, 2019
FOODS, INC.                                        )
                                                   )

                        Defendants.

**ANSWER OF DEFENDANTS TO PLAINTIFFS' AMENDED CLASS AND
COLLECTIVE ACTION COMPLAINT**

NOW COME Defendants Lepage Bakeries Park Street, LLC ("Lepage")[1], CK Sales Co.,

LLC ("CK Sales"), and Flowers Foods, Inc. ("Flowers Foods") (collectively, "Defendants"), by

and through their undersigned counsel, and hereby file their Answer to Plaintiffs' Amended Class

and Collective Action Complaint and state:

**INTRODUCTION**

1.      Defendants admit that Plaintiffs purport to bring this action on behalf of themselves

and "all others similarly situated" in Connecticut under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b)

during the "relevant statutory period" challenging Defendants' alleged misclassification of them

as independent contractors. Defendants deny that any "similarly situated" distributors exist under

29 U.S.C. § 216(b), that class treatment is appropriate under Fed. R. Civ. P. 23, or that Plaintiffs

or those they seek to represent have any viable claims against Defendants. Defendants further deny

that Plaintiffs or those they seek to represent are entitled to bring their claims in court because they

---

[1] The correct spelling is Lepage Bakeries Park Street, LLC instead of Lepage Bakeries Park St., LLC.

have signed valid, binding arbitration agreements with class action waivers. Defendants deny all remaining allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

## PARTIES

2.        Defendants admit that, upon information and belief, Plaintiff Neal Bissonnette is an adult resident of Bristol, Connecticut. Defendants also admit that, since approximately June 2017, as an independent contractor and through his independent corporation, Bissonnette sold and delivered certain baked goods to customers in Connecticut. Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3.        Defendants admit that, upon information and belief, Plaintiff Tyler Wojnarowski is an adult resident of Southington, Connecticut and a citizen of Connecticut. Defendants also admit that, since approximately May 2018, as an independent contractor and through his own independent corporation, Wojnarowski has sold and delivered baked goods to customers in Connecticut. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.        Defendants admit that Plaintiffs purport to bring this action on behalf of all "similarly situated individuals" as an "opt out" class action under Fed. R. Civ. P. 23 and as an "opt in" collective action under the FLSA and that Plaintiffs reportedly do not seek to pursue claims for distributors who previously released claims up to March of 2017. Defendants deny, however, that class or collective action treatment would be appropriate, that Plaintiffs or those individuals they seek to represent have any viable claims, or that Plaintiffs or those they seek to represent can pursue their claims in court.

5.        Defendants admit that Lepage is a Maine limited liability company and conducts certain business in Connecticut, among other states. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint.

2

6. Defendants admit that CK Sales is a Delaware limited liability company. Defendants further admit that CK Sales contracts with distributors in Connecticut, among other states, through the distributors' own corporations. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendants admit that Flowers Foods is a Georgia corporation but deny the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendants admit that they are engaged in and employ certain individuals engaged in "interstate commerce" within the meaning of and as defined by the FLSA and are therefore covered by the FLSA. Defendants deny, however, that they employ Plaintiffs or those Plaintiffs seek to represent. Defendants further deny that Plaintiffs and those they seek to represent are "engaged in foreign or interstate commerce" within the meaning of Section 1 of the Federal Arbitration Act ("FAA"). Defendants admit, however, that Plaintiffs and those they seek to represent are engaged in transactions "affecting commerce" or "involving commerce" under Section 2 of the FAA. Defendants deny the remaining allegations contained in Paragraph 8 of the Amended Complaint.

## JURISDICTION AND VENUE

9. Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

**FACTS**

12.    Defendants admit that the business of Lepage includes, in part, manufacturing baked goods under brand names such as Country Kitchen and Wonder Bread. Defendants deny the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.    Defendants admit that the Flowers Foods website contains the language quoted, but deny that such language, in isolation, accurately portrays its organizational structure, including its subsidiaries.

14.    Defendants admit that CK Sales contracted with a number of independent contractor distributors, through their independently-established corporations, to sell and distribute various products in the State of Connecticut and that such distributors are also responsible for, among other things, properly stocking shelves at retail locations. Defendants deny the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16.    Defendants admit that in approximately June 2017, Plaintiff Bissonnette made a significant investment by purchasing distribution rights to a defined territory and, through his independent corporation, entered into a Distributor Agreement with CK Sales. Defendants deny the remaining allegations contained in Paragraph 16 of the Amended Complaint.

17.    Defendants admit that in approximately May 2018, Plaintiff Wojnarwski made a significant investment by purchasing distribution rights to a defined territory and, through his independent corporation, entered into a Distributor Agreement with CK Sales. Defendants deny the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.    Defendants admit that as distributors, Plaintiffs, through their respective corporations, sell and distribute certain baked goods to customers (including various stores and

retail locations), that they may pick up these products from a warehouse, and that such products are produced in response to specific orders they place for their customers by other subsidiary bakeries, several of which may be located out of state. Defendants further admit that those products remain in the stream of interstate commerce, within the meaning of and as that term is defined in the FLSA. Defendants also admit that the flow of such products affects or involves commerce under Section 2 of the FAA. Defendants deny, however, that distributors are "engaged in interstate commerce" under Section 1 of the FAA and deny the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants admit that CK Sales entered into a Distributor Agreement with Plaintiffs and those individuals they seek to represent, through their own independent corporations, but deny the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendants admit that CK Sales only contracts with distributors who operate their businesses through a corporation but deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants admit that the Distributor Agreements contains an "Essential Term" under which distributor operate as independent contractors. Defendants deny the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendants are without sufficient knowledge or information to form a belief regarding whether either named Plaintiff performed delivery work for any other company or entity and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendants are without knowledge or information sufficient to form a belief regarding whether named Plaintiffs work at least forty hours per week and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendants deny that the "duties" of Plaintiffs and other distributors entail, at least in part, driving vehicles weighing less than 10,000 pounds and lack sufficient knowledge or

information to form a belief as to whether Plaintiffs and other distributors often transport tools and other materials needed for their work in these vehicles and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.    Defendants admit that they do not pay overtime to Plaintiffs or those individuals Plaintiffs seek to represent because they are independent contractors or otherwise exempt from overtime. Defendants deny the remaining allegations contained in Paragraph 35 of the Amended Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.    Defendants admit that Plaintiffs and the individuals they seek to represent, through their own independent corporations, enter into Distributor Agreements under which they are designated as independent contractors. Defendants deny the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.    Defendants admit that Plaintiffs purport to bring this lawsuit under Fed. R. Civ. P. 23 on behalf of all individuals who signed a distributor agreement and personally deliver products in Connecticut. Defendants deny that the remaining allegations contained in Paragraph 38 of the Amended Complaint, including that class treatment is appropriate or that those individuals Plaintiffs seek to represent have any viable claims or that they can bring their claims in court.

39.    Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.    Defendants admit that Plaintiffs purport to assert claims under the FLSA on behalf of all "similarly situated" drivers in Connecticut. Defendants deny the remaining allegations contained in Paragraph 42 of the Amended Complaint, including that Plaintiffs or those individuals they seek to represent have viable claims, that they are similarly situated, that collective treatment is appropriate, or that they can bring their claims in court.

43.    Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

## COUNT I

## UNPAID OR WITHHELD WAGES IN VIOLATION OF CONN. GEN. STAT. 31-72

44.    Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.    Defendants admit that Plaintiffs and those individuals they seek to represent seek compensation for violations of Conn. Gen. Stat. 31-71(e) pursuant to Conn. Gen. Stat. 31-72 but deny that they have any claims thereunder or are entitled to any relief against Defendants. Defendants deny the remaining allegations contained in Paragraph 48 of the Amended Complaint.

8

## COUNT II

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF
### CONN. GEN. STAT. 31-76C

49.     Defendants lack sufficient knowledge or information to form a belief whether Plaintiffs and members of the proposed Rule 23 class routinely worked in excess of forty (40) hours per workweek and therefore deny the same. Defendants further deny that any Rule 23 class is appropriate and deny the remaining allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendants admit that they did not pay Plaintiffs and those individuals they seek to represent at a rate of one-and-a-half times the regular rate of pay for all hours worked in excess of 40 because they were independent contractors or otherwise exempt. Defendants deny the remaining allegations contained in Paragraph 50 of the Amended Complaint.

## COUNT III

### FAIR LABOR STANDARDS ACT-FAILURE TO PAY OVERTIME

51.     Defendants lack sufficient knowledge or information to form a belief whether Plaintiffs and members of the proposed FLSA collective routinely worked in excess of forty (40) hours per workweek and therefore deny the same. Defendants deny that collective treatment is appropriate of these claims and deny the remaining allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants admit that they did not pay Plaintiffs and those individuals they seek to represent at a rate of one-and-a-half times the regular rate of pay for all hours worked in excess of 40 because they were independent contractors or otherwise exempt. Defendants deny the remaining allegations contained in Paragraph 52 of the Amended Complaint.

9

53.    Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny the Plaintiffs or those they seek to represent are entitled to any of the relief set forth in their Prayer for Relief, including in subparagraphs (a)-(h).

Defendants deny each and every allegation contained in the Amended Complaint not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

As for separate defenses to the Amended Complaint, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, except as required by applicable law with the respect to the defense asserted, Defendants state as follows:

## FIRST DEFENSE

Plaintiffs' claims must be dismissed because they signed valid agreements to arbitrate their claims on an individual basis only with class action waivers and are bound by the same. Therefore, this court lacks jurisdiction over their claims and the claims of those they seek to represent.

**SECOND DEFENSE**

The claims against Flowers Foods are barred to the extent the Court lacks personal jurisdiction over Flowers Foods and to the extent Flowers Foods is not a real party in interest. Flowers Foods does not exercise and has not exercised control over CK Sales, the entity with whom Plaintiffs and those they seek to represent contracted. Flowers Foods does not have (nor did it ever have) any contractual or other relationship with Plaintiffs or those individuals they seek to represent, nor was Flowers Foods ever their "employer." As such, Flowers Foods has insufficient contacts with the State of Connecticut to allow the Court to assert personal jurisdiction under either the doctrine of general or specific jurisdiction.

**THIRD DEFENSE**

To the extent Plaintiffs or any individuals they seek to represent any have valid claims against Flowers Foods, which is denied, venue is improper.

**FOURTH DEFENSE**

Plaintiffs' claims against Lepage are barred because Lepage never had a contractual or other relationship with Plaintiffs or those individuals Plaintiffs seek to represent, nor is Lepage a real party in interest.

**FIFTH DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted because neither Plaintiffs nor those individuals they seek to represent are "employees" under the FLSA or Connecticut law.

**SIXTH DEFENSE**

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted because Plaintiffs and those individuals Plaintiffs seek to represent were not "employees" but rather are self-employed, performed services for CK Sales through their own

11

independent corporations, and were not paid "wages" for services rendered under Conn. Gen. Stat. §§ 31-71- 31-73. Rather, Plaintiffs and those individuals they seek to represent earned a profit margin (i.e. the difference between the price they purchased the products from CK Sales for, less the price they sold the products to their customers for, less business expenses). This profit margin was paid to their corporations directly.

## SEVENTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals they seek to represent are/were employees within the meaning of applicable law, which is expressly denied, and to the extent Plaintiffs and those individuals they seek to represent are/were paid "wages," which is expressly denied, Plaintiffs' claims and the claims of those individuals they seek to represent for unlawful deductions are barred, in whole or in part, to the extent any such amounts withheld do not constitute deductions under applicable law, to the extent Defendants were empowered to make any such deductions by state law, and/or to the extent any such deductions were knowingly and voluntarily authorized by Plaintiffs or those individuals they seek to represent in their Distributor Agreements, Settlement Statement Authorization, or otherwise.

## EIGHTH DEFENSE

Neither Plaintiffs nor those individuals they purport to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, id. §§ 251-62, because, among other things, Plaintiffs and those they seek to represent worked in multiple different warehouses, in association with different sales managers with different day-to-day practices, at different time periods, and under different circumstances, among other reasons, during the relevant time period.

**NINTH DEFENSE**

Assuming, *arguendo*, Plaintiffs and those individuals they seek to represent are employees under the FLSA, which is denied, their claims for overtime and all associated costs, expenses, and fees are barred due to the "Outside Sales" Exemption set forth in Section 13(a)(1) of the FLSA because Plaintiffs and those individuals Plaintiffs purport to represent are consistently and regularly engaged in making sales away from the premises of Defendants or any other subsidiary of Flowers Foods.

**TENTH DEFENSE**

Assuming, *arguendo*, Plaintiffs and those individuals they purport to represent are employees under the FLSA, which is denied, their claims for overtime and all associated costs, expenses, and fees are barred by the Motor Carrier Exemption set forth in Section 13 (b)(1) of the FLSA, because Plaintiffs and those individuals Plaintiffs seek to represent drive or drove vehicles with a Gross Vehicle Rating or Gross Vehicle Weight of at least 10,001 pounds, transport or were subject to transporting certain goods originating out of state, and because there is practical continuity of movement of these goods until they reach retail customers and other customers.

**ELEVENTH DEFENSE**

Plaintiffs' claims, and the claims of those they individuals seek to represent, are barred to the full extent of the operation of the equitable doctrine of laches, estoppel, payment, unclean hands, *in pari delicto*, accord and satisfaction, and/or payment or set off to the extent they have been fully compensated for any owed "wages" and, by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

**TWELFTH DEFENSE**

Plaintiffs' claims for benefits, and the benefit claims of those individuals they seek to represent, are barred by the doctrine of waiver in that they expressly waived in their Distributor

Agreements their right to participate in any benefits plans offered by CK Sales to employees. Plaintiffs' benefits claims, and the benefit claims of those individuals they seek to represent, are also barred because they are expressly excluded from the coverage of such benefits.

## THIRTEENTH DEFENSE

Plaintiffs' unjust enrichment claims and the unjust enrichment claims of those individuals Plaintiffs seek to represent are barred because Plaintiffs and those individuals they seek to represent operate under valid contracts with CK Sales, which clearly delineate the parties' respective rights and obligations and method of compensation, and which provide adequate remedies.

## FOURTEENTH DEFENSE

Plaintiffs' unjust enrichment claims and the unjust enrichment claims of those individuals Plaintiffs seek to represent are barred to the extent they were/are adequately compensated for any benefit Defendants received, or, alternatively, because Defendants did not receive a benefit for which they were obligated to compensate Plaintiffs or those individuals Plaintiffs seek to represent.

## FIFTEENTH DEFENSE

Plaintiffs' claims and the claims of those individuals they seek to represent are barred by the doctrines of release and waiver to the extent any such individual executed a valid waiver and release of such claims in exchange for consideration.

## SIXTEENTH DEFENSE

Plaintiffs' claims, and the claims of those individuals Plaintiffs seek to represent, are barred because they lack standing to assert such claims to the extent they are not covered by the statutes sought to be invoked. Further, Plaintiffs' claims on behalf of any former distributors are barred because such individuals lack standing with respect to their claims for declaratory and injunctive relief.

14

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and the claims of those individuals they seek to represent are barred, at least in part, by the doctrine of judicial estoppel to the extent they have filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims and the claims of those individuals they seek to represent are barred, at least in part, because they knowingly submitted to and acquiesced in the obligations and relationship set forth in their Distributor Agreements, from which they have received and accepted financial benefits.

**NINETEENTH DEFENSE**

Plaintiffs' requests for relief that are equitable in nature must be dismissed because Plaintiffs and those individuals they seek to represent have adequate remedies at law.

**TWENTIETH DEFENSE**

Plaintiffs have failed to plead facts with sufficient particularity to support an award of liquidated damages or, alternatively, any award of liquidated damages is barred or must be reduced, as applicable, because Defendants acted in good faith, with reasonable basis and an honest intention to comply with the law at all times.

**TWENTY-FIRST DEFENSE**

Plaintiffs are inadequate representatives of the allegedly similarly situated group of persons whom they purport to represent, the existence of which is expressly denied, and certain of Plaintiffs' interests are in conflict with the interests of some or all of the members of the individuals Plaintiffs purport to represent.

## TWENTY-SECOND DEFENSE

The alleged claims of Plaintiffs are neither common nor typical of each other's or of those, if any, of the class Plaintiffs seeks to represent, the existence of which is expressly denied, because Plaintiffs and the individuals they seek to represent worked in different warehouses, under different sales managers with different day-to-day practices, for different customers with different customer-service requirements, if any, and under different circumstances, among others, during the relevant time period, all of which would need to be examined, by Plaintiff, to adjudicate their claims and which is not subject to common proof.

## TWENTY-THIRD DEFENSE

Some or all of the purported claims in Plaintiffs' Amended Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

## TWENTY-FOURTH DEFENSE

Some or all Plaintiffs' claims are barred because Plaintiffs have not and cannot show that class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy.

## TWENTY-FIFTH DEFENSE

Certification of a class action under these circumstances would violate the parties' rights under the United States Constitution.

## TWENTY-SIXTH DEFENSE

The types of claims Plaintiffs have alleged on their own behalf and on behalf of other "similarly situated employees," the existence of whom Defendants expressly deny, are claims in which individual questions predominate and for which class treatment is not appropriate.

16

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims fail to meet the mandatory requirements of Fed. R. Civ. Pro. 23(a) or (b).

## TWENTY-EIGHTH DEFENSE

If any damages have been sustained by Plaintiffs, or by any of those individuals Plaintiffs seek to represent, which is expressly denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by Plaintiffs and those individuals Plaintiffs seek to represent to Defendants against any judgment that may be entered against Defendants.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims, and the claims of those individuals Plaintiffs seek to represent, are preempted, in whole or in part, by federal law, in particular the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and the Employee Retirement Income Security Act ("ERISA").

## THIRTIETH DEFENSE

Some or all of Plaintiffs' claims, and the claims of those individuals Plaintiffs seek to represent, are barred to the extent they have failed to exhaust administrative remedies under the employee benefits plans at issue and/or under applicable administrative rules.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims and the claims of those they seek to represent for overtime under Connecticut law are barred, even assuming they are employees, which is denied, to the extent they are exempt from overtime under the outside sales or motor carrier exemptions.

## THIRTY-SECOND DEFENSE

Plaintiffs are not entitled to injunctive relief because the allegations in the Amended Complaint do not meet the legal requirements for such relief.

## THIRTY-THIRD DEFENSE

Some or all of the purported claims in Plaintiffs' Amended Complaint are barred because Defendants have not acted or refused to act on any grounds generally applicable to the purported class members and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred to the extent they arose outside of the applicable statute of limitations.

## THIRTY-FIFTH DEFENSE

Plaintiffs and those individuals they seek to represent may not recover liquidated damages because neither Lepage, CK Sales, or Flowers Foods, nor its officers, directors, managers, or agents committed any willful violation of the overtime provisions, nor did they ratify any such violation.

## THIRTY-SIXTH DEFENSE

Plaintiffs' request for a jury trial is barred to the extent Plaintiffs or distributors they seek to represent signed Distributor Agreements waiving such right, including but not limited to an arbitration provision waiving such right.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims for declaratory judgment are barred and/or should be dismissed because there are specific statutory remedies for each of the claims asserted by Plaintiffs and the persons they purport to represent, and Plaintiffs are presently pursuing such statutory remedies in the instant action.

### THIRTY-EIGHTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals Plaintiffs seek to represent are employees under the FLSA, and further assuming, *arguendo*, Plaintiffs and those individuals they seek to represent could establish an FLSA claim, Plaintiffs and those individuals they seek to represent are not entitled to pre-judgment interest because CK Sales, Lepage, and Flowers Foods acted in good faith or because such interest is not otherwise properly recoverable.

### THIRTY-NINTH DEFENSE

Assuming, *arguendo*, Plaintiffs and those individuals they seek to represent are employees under the FLSA, which is denied, and assuming, *arguendo*, Plaintiffs and those distributors they seek to represent do not fall within any exemption to the FLSA, which is denied, some or all of the time worked by Plaintiffs or those individuals they seek to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. § 251-62, nor are any of the Plaintiffs entitled to pre-judgment interest on these claims.

### FORTIETH DEFENSE

Assuming, *arguendo*, Plaintiffs and those distributors they seek to represent are employees under the FLSA, which is denied, and further assuming, *arguendo*, Plaintiffs and those distributors they seek to represent could establish such actual claims, which is denied, Plaintiffs and those individuals they seek to represent are not entitled to liquidated damages because, under Section 11 of the Portal-to-Portal Act, Defendants acted in good faith and have reasonable grounds for believing that the alleged acts or omissions did not violate the FLSA.

### FORTY-FIRST DEFENSE

Defendants will rely on all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Amended Answer and state additional affirmative or

other defenses and/or otherwise supplement this Amended Answer upon discovery of additional

facts or evidence as appropriate.

Dated this the 3rd day of September, 2019.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/John G. Stretton*
John G. Stretton (CT 19902)
john.stretton@ogletree.com
Kelly M. Cardin (CT 29162)
kelly.cardin@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Tel.: 203-969-3100
Fax: 203-969-3150
Margaret S. Hanrahan (NC Bar No. 52927)*
maggie.hanrahan@ogletree.com
Benjamin R. Holland (NC Bar No. 28580)*
benjamin.holland@ogletree.com
Elizabeth R. Gift (NC Bar No. 44331)*
elizabeth.gift@ogletree.com
*Admitted Pro Hac Vice*
201 S. College Street, Suite 2300
Charlotte, North Carolina 28244
Tel.: 704-342-2588
Fax: 704-342-4379

20

## <u>CERTIFICATE OF SERVICE</u>

I, John G. Stretton, hereby certify that I have this day electronically filed the foregoing

**ANSWER OF DEFENDANTS TO PLAINTIFFS' AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Harold L. Lichten
Matthew W. Thomson
Zachary L. Rubin
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
mthompson@llrlaw.com
zrubin@llrlaw.com

Dated this the 3rd day of September, 2019.

*/s/John G. Stretton*
John G. Stretton

21