IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NEAL BISSONNETTE, ET AL., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:19-cv-00965-KAD |
| LEPAGE BAKERIES PARK ST., LLC, ET AL. | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants LePage Bakeries Park St., LLC, C.K. Sales Co., LLC, and Flowers Foods, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby file the instant Memorandum in Support of Defendants' Motion to Stay Proceedings, requesting that this Honorable Court issue an Order staying these proceedings pending the United States Supreme Court's decision in *Flowers Foods, Inc., et al v. Angelo Brock*, Case No. 24-935, on appeal from the United States Court of Appeals for the 10th Circuit.[1]

As set forth in greater detail below, the question presented to the Supreme Court in the *Brock* case is identical to one of the central questions in this litigation: namely, whether workers who deliver locally, goods that travel in interstate commerce—but who do not transport the goods across borders or interact with vehicles that cross borders—are "transportation workers" who are "engaged in foreign or interstate commerce" for purposes of the Section 1 exemption to the Federal Arbitration Act ("FAA").[2] And, the Supreme Court's decision will create case law that is binding on this Court regarding this issue. As such, entering a stay pending the Supreme Court's decision

---

[1] As discussed further below, the Second Circuit had previously directed the District Court to follow the 10th Circuit's reasoning on this issue when remanding the case back to the District Court. *See* Case No. 20-1681 at Ct. Doc. 279.
[2] *Brock* will not decide the remaining issues, including whether Plaintiffs operated under a contract of employment or performed duties akin to transportation workers sufficient to bring the within the residual exemption of Section 1.

is necessary to avoid inconsistent results, unnecessary use of this Court's and the parties' resources, and to respect the Supreme Court's authority.

### A. Relevant Procedural History

On September 18, 2019, Defendants moved this Honorable Court to dismiss or compel arbitration. (Ct. Doc. 31). In opposition, Plaintiffs argued that their claims cannot be compelled to arbitration under the FAA because they fall within the Section 1 exemption for transportation workers. (Ct. Docs. 32, 51). On May 14, 2020, this Court issued a Memorandum of Decision granting Defendants' motion to dismiss, finding Plaintiffs are not transportation workers within § 1 and compelling arbitration. (Ct. Doc. 51).

Plaintiffs appealed. The Second Circuit Court of Appeals subsequently "affirm[ed] without rejecting or adopting the district court's analysis, which" it recognized "may very well be a way to decide closer cases" and held that "the plaintiffs are not 'transportation workers,' even though they drive trucks, because they are in the bakery industry, not a transportation industry." (Ct. Doc. 56, p. 5). Plaintiffs then filed a Petition for Certiorari with the United States Supreme Court, which the Supreme Court granted on September 29, 2023, ultimately hearing the case on February 20, 2024.

On April 12, 2024, the Supreme Court issued an opinion holding that "[a] transportation worker need not work in the transportation industry to fall within the exemption from the FAA provided by § 1 of the Act," vacated the Second Circuit's prior holding, and remanded for further proceedings. *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 256 (2024). The Supreme Court, however, "express[ed] no opinion on any alternative grounds in favor of arbitration raised below, including that petitioners are not transportation workers and that petitioners are not 'engaged in foreign or interstate commerce' within the meaning of §1 because

2

they deliver baked goods only in Connecticut." *Id.*; *see also id.* at 252 n.2 (stating that "we do not decide" these issues).

After this decision, the Second Circuit ordered supplemental briefing before vacating the District Court's order and remanding for further proceedings. The Second Circuit directed that, on remand, the Court should consider "the actual duties that the members of the class, as a whole, typically carry out." (Ct. Doc. 60, p. 2). The Second Circuit noted that "relevant evidence on this issue may include … the parties' agreements, declarations and any other evidence tending to show Plaintiffs' actual duties." (*Id.*). The Second Circuit also directed the District Court to consider whether Plaintiffs and other Connecticut Distributors "play a direct and necessary role in the free flow of goods across borders." (*Id.*). Specifically, the Second Circuit stated:

> We agree with the Tenth Circuit that the third factor is "key to whether the interstate leg of the goods' journey and [Plaintiffs'] intrastate delivery of the goods form one continuous interstate journey." Relevant evidence for this inquiry may include, *inter alia*, the terms of the distributor agreement and any other evidence relating to the destination for which particular goods are earmarked at various times in their transport across state lines; whether and when the goods "come to a permanent rest within the state"; any representations by the parties as to nature of the transportation workers' intrastate route as part of a continuous interstate journey; and whether any such representations are binding, preclusive, or effect estoppel.

*Id.*[3] (internal citations and footnotes omitted).

On remand, this Court ordered the parties to engage in limited discovery regarding whether the Section 1 exemption is applicable, allowing each side to take depositions and permitting limited

---

[3] The Second Circuit refers to the Tenth Circuit's decision in *Brock v. Flowers Foods, Inc., et al.*, 121 F.4th 753 (10th Cir. 2024). *Brock* was initially filed with the United States District Court for the District of Colorado on September 19, 2022. The *Brock* defendants appealed the District Court's denial of their motion to stay, motion to dismiss, and motion to compel arbitration to the 10th Circuit Court of Appeals on May 24, 2023. As noted below, the *Brock* defendants filed a Petition for a Writ of Certiorari with the United States Supreme Court on February 14, 2025, which the Supreme Court granted on October 20, 2025.

written discovery. (Ct. Docs. 60, 70). On June 24, 2025, the parties submitted their supplemental briefs in accordance with the Court's order. (Ct. Docs. 78, 79). In these supplemental briefs, Flowers argued that Plaintiffs do not fall within the transportation worker exemption because: (1) they do not operate under a contract of employment; (2) Plaintiffs and other Connecticut Distributors are franchise business owners, not a class of "transportation workers" intended to fall within the FAA's residual clause; and (3) Plaintiffs and other franchise business owners are not a class of workers engaged in interstate commerce. (Ct. Doc. 78). Plaintiffs argued, conversely, that Plaintiffs are transportation workers because their actual duties involved the transportation of goods, and Plaintiffs are engaged in interstate commerce because they delivered goods that were produced out of state. (Ct. Doc. 79).

On October 20, 2025, the United States Supreme Court granted the writ of certiorari in the *Brock* case involving another Flowers subsidiary in Colorado and similar distribution system. *See* **Exhibit A**. The question presented in the underlying Petition is identical to one of the issues in the instant litigation that this Court is being asked to now decide:

> Are workers who deliver locally goods that travel in interstate commerce – but who do not transport the goods across borders nor interact with vehicles that cross borders – "transportation workers" "engaged in foreign or interstate commerce" for purposes of the Federal Arbitration Act's § 1 exemption?

*See* **Exhibit B** at pg. i, *Brock Petition*. As the issues in both matters involve the same question of law, it is respectfully submitted that this Honorable Court should enter a stay of these proceedings until such time that the Supreme Court renders a decision in *Brock*.

### B. A Stay Is Warranted and Necessary to Prevent Inconsistent Rulings and to Supreme the Supreme Court's Authority

"A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself,

for counsel, and for litigants." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (*quoting Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). "A court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Justice. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("Here, it would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision, particularly where that decision may not settle every question of fact and law before this Court, but in all likelihood it will settle many and simplify them all.") (internal quotation marks omitted); *see also Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (ordering the district court to stay proceedings because a key issue on remand would, "in all likelihood, turn upon" a Supreme Court decision in an upcoming case); *Kennedy v. Aegis Media Americas, Inc.*, No. 1:20-cv-3624-GHW, 2021 WL 4077946, at *2 (Sept. 7, 2021) (granting motion to stay where the Supreme Court's decision in an upcoming case would "settle a key issue that has direct bearing on Defendant's motion to dismiss…."). Thus, "where it is efficient for a trial court's docket and the fairest course for the parties, a stay is proper…." *Sikhs for Justice*, 676 F.3d at 622.

Here, one of the issues the District Court now needs to decide is the exact issue the Supreme Court is deciding in *Brock*—namely, whether workers who deliver goods locally (but do not cross state lines) are "engaged in foreign or interstate commerce" for purposes of the Section 1 exemption. *See* **Exhibit B** at pg. i. That case involves substantively identical facts: Brock, like Bissonnette, is the owner of a Flowers Independent Distributor that purchases and delivers Flowers baked goods within defined regions of a single state. *See Brock v. Flowers Foods, Inc.*, 121 F.4th 753, 757-58 (10th Cir. 2024); (Ct. Doc. 24 at 4. Both plaintiffs seek to evade materially identical Arbitration Agreements. *See Brock*, 121 F.4th at 758; (Ct. Doc. 79 at 16). And both plaintiffs argue

that § 1 applies because the goods they deliver previously traveled across state lines. *See Brock*, 121 F.4th at 758, 768; (Ct. Doc. 79 at 12-13).

The Supreme Court's ruling in *Brock* will therefore control the "interstate commerce" question in this case. If the Supreme Court holds that § 1 does not apply to Defendants because they do not "play a direct and 'necessary role in the free flow of goods' across borders," *Bissonnette*, 601 U.S. at 256 (internal quotation omitted), that holding will be dispositive of this issue. Even if the Supreme Court holds the opposite, its reasoning about the scope of § 1 and its applicability to Defendants' business model will necessarily inform the analysis of the remaining § 1 issues.

Considerations of judicial efficiency and respect for the Supreme Court's authority thus favor staying this matter pending the Supreme Court's decision in *Brock*. The Supreme Court is expected to issue a decision in *Brock* no later than July 2026, so any delay in the resolution of this appeal will be minimal. Following the Supreme Court's disposition of *Brock*, this Court will be able to simply rule on "interstate commerce" grounds with respect to Defendants' motion to compel with the benefit of the Supreme Court's guidance about the meaning of § 1. By contrast, proceeding with this appeal while *Brock* is pending before the Supreme Court risks inconsistent rulings and wasted judicial and party resources.

Plaintiff's counsel does not consent to this stay.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant the instant Motion for Stay, and enter a stay of these proceedings until such time that the Supreme Court issues a decision in *Brock*.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/Michael O'Malley
Michael O'Malley (CT 31784)
michael.o'malley@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Tel: 203-969-3100
Fax: 203-969-3150

Margaret. Santen (NC Bar No. 52927)*
maggie.santen@ogletree.com
Benjamin R. Holland (NC Bar No. 28580)*
benjamin.holland@ogletree.com
Elizabeth R. Gift (NC Bar No. 44331)*
elizabeth.gift@ogletree.com
*Admitted Pro Hac Vice
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
201 S. College Street, Suite 2300
Charlotte, North Carolina 28244
Tel.: 704-342-2588
Fax: 704-342-4379

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing **MOTION FOR STAY** with the Clerk of Court using the CM/ECF system.

Dated this the 31st day of October, 2025.

_____*/s/ Michael O'Malley*_____